UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | Crim. No. 21-537 (JMC) |
| JASON BLYTHE | : | |

<u>MOTION FOR A NEW TRIAL OR JUDGMENT OF ACQUITTAL</u>

Defendant, Jason Blythe, through undersigned counsel, Stephen F. Brennwald, Esq., Brennwald & Robertson, LLP, and pursuant to Fed. R. Crim. P. 29(c) and 33(b)(2), moves this Court for a judgment of acquittal, or, in the alternative, a new trial, with respect to its finding that defendant violated 18 U.S.C. §111(b) (Count 3 of the indictment).[1]  In support of his motion, he states as follows:

***Procedural Background***

On February 2, 2024, this Court returned its verdicts with respect to the five defendants who were tried in a bench trial in October of 2023.

Mr. Blythe was convicted of three counts in a nine-count indictment, and he is scheduled to be sentenced on June 13, 2024.

Relevant to this motion, Mr. Blythe was convicted of Count 3 in the indictment, which charged him with "[a]ssaulting, resisting, or impeding certain officers using a deadly or dangerous weapon and inflicting bodily injury," in violation of 18 U.S.C. §§ 111(a)(1) and (b), 2.

On February 9, 2024, the Court issued findings of fact (ECF Doc. 345) in which it explained why it convicted Mr. Blythe (and others) of this, and other, offenses.  Notably, the

---

[1] For the sake of brevity, defendant adopts the language set forth in the "Legal Standard" paragraph found in defendant Samsel's motion for a new trial, ECF Doc. 359, at 2.

Court found not only that Mr. Blythe was guilty of a violation of section §111(a) of the foregoing statute, but also of violating section §111(b).

The Court granted defendant until March 25, 2024, to file any post-trial motions, and defendant now submits this motion, asking the Court to enter a partial judgment of acquittal as to count 3. Specifically, he asks that the Court vacate its finding of guilt as to §111(b).

*Argument*

Mr. Blythe concedes that he "resisted" and "opposed" Officer D.C. when he joined others in pushing a bike rack toward the officer, who was himself attempting to keep Mr. Blythe and others from advancing up a walkway that led to the U.S. Capitol. *Findings of Fact*, ECF Doc. 345, at 25-27.

Mr. Blythe further concedes that he used force (energy) to do so, and that he did so voluntarily and intentionally, not by mistake or accident. *Id*.

He does not agree, however, that he violated §111(b) of the relevant statute, given the holding in *United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002).

*Arrington* involved a scenario whereby the defendant, in his attempts to flee from law enforcement in a vehicle, "floored" his vehicle while three officers were attempting to extricate him from his vehicle. Although Arrington knew that the officers were there and were attempting to extricate him from the vehicle, he pressed the gas pedal of his car, dragging one of the three officers at least 50 feet before that officer fell to the ground. *Id*. at 42.

A high-speed chase ensued, and Mr. Arrington eventually crashed his car. After the crash, he took off on foot. Several officers pursued him, and Arrington, during a struggle, shot one of the officers in the face, but was ultimately arrested. *Id*. at 43.

Following conviction, Arrington argued that his conviction for violating 18 U.S.C. §§111(a) and (b) should not stand because he used an item – a car – that is not inherently a dangerous weapon, and moreover he used it to try to escape, not to injure anyone.

In essence, Arrington argued that the government had to prove that he intentionally used his vehicle as a weapon.

The appellate court engaged in an exhaustive analysis of the foregoing sections of the statute, discussing each element in great detail.

It found that Arrington and the government agreed about the main elements of the crime at issue in §111(a).

It also concluded that the parties mainly agreed about the law when the object used - unlike a gun or a knife - was not inherently dangerous.  In *Arrington*, the object was a car, and in Blythe's case, it was a section of a bike rack.

The appellate court pointed out that the government agreed that in the case of non-inherently dangerous objects, "the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner [that is capable of causing serious bodily injury or death]."  *Id*. at 45 (emphasis in original).

The court ultimately found that the government did not need to prove that Arrington used the car intentionally as a weapon, only that the vehicle, as used, was capable of causing serious bodily injury or death.

Mr. Blythe maintains that there is not enough proof, beyond a reasonable doubt, to show that his pushing for 3-4 seconds on a section of the bike rack could have caused serious bodily injury or death to Officer D.C. under the unique circumstances of this case.

Of course, almost any object may, in the abstract, be "capable of causing serious bodily injury or death" if used in a certain manner, even a staple or a paper clip. If that were the standard, then the statute would lose its meaning, and would no longer punish distinct, malicious, conduct.

Here, the Court found in its findings of fact that Mr. Grant, Mr. Johnson and Mr. Blythe "[t]ogether lifted a large, metal object off the ground – over Officer D.C.'s head – and shoved it into Officer D.C.'s upper body to move him out of their way." ECF Doc. 345, at 27.

Mr. Blythe first maintains that he did not pick up the bike rack at all. Others lifted it up, and the section in front of Mr. Blythe was attached to other sections, such that it could not have separated and fallen on top of Officer D.C. Mr. Blythe agrees that he pushed on that particular section of the rack for about 4 seconds before letting up. At no time was the rack over the officer's head. It was at chest height.

Second, a reasonable person in Mr. Blythe's shoes, observing Officer D.C. in real time, would not have thought that the Officer was in danger of being seriously injured by Blythe's actions. This is true because the officer was clearly aware of his surroundings, including a series of steps that were about 8 feet behind him. A very careful review of video recordings of the incident clearly shows Officer D.C. maneuvering his body in such a way that prevented him from being knocked over.

This maneuvering by Officer D.C. would have been visible to Mr. Blythe, who would not have reasonably concluded that the officer was in danger of being seriously injured or killed based on Mr. Blythe's brief pushing motion.

It is true that another officer, Officer C.E., was knocked over by other defendants' pushing of a different section of the bike rack "chain," and that she fortuitously landed backward, hitting her head on a railing that was located at the aforementioned steps.

But Mr. Blythe was not observing Officer C.E., and this Court has found him not guilty of having assaulted her. He only saw what was ahead of him, and what he saw (as demonstrated in multiple video recordings) was an officer who maintained a good awareness of his particular surroundings and made sure he did not fall backward or trip on the steps that were a few feet behind him.

That was the scenario with which Mr. Blythe was presented. Based on those facts, it cannot be concluded beyond a reasonable doubt that Mr. Blythe knew that his brief pushing on the bike rack would or could have caused any serious bodily injury or death to Officer D.C.

A defendant's actions should be viewed through the lens of what that defendant actually saw and did at the relevant moment, not by what could have happened, hypothetically, if the facts and circumstances had been different. And those facts and circumstances, again, showed a police officer who, while pushing back against the bike rack, was also keeping his awareness of his surroundings so that he would not be injured.

Mr. Blythe maintains that the way he "used" the bike rack was not "capable" of causing serious bodily injury or death to Officer D.C. under the precise circumstances of this case, and that as a result he should be found not guilty of having violated §111(b) of the Code.

For the foregoing reasons, defendant submits that the Court should enter a judgment of acquittal as to defendant's conviction pursuant to 18 U.S.C. §111(b), and/or grant him a new trial thereon.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, SE
Washington, D.C.  20003
(301) 928-7727
(202) 544-7626 (facsimile)
sfbrennwald@cs.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Notice was sent by ECF, this 25th day of March, 2024, to all parties of record.

*Stephen F. Brennwald*

Stephen F. Brennwald